MEMORANDUM *
Diamond Benefits Life Insurance Co. (“Diamond”) was purchased from its corporate parent by Resolute, Inc., a holding company. Resolute, led by Charles Christopher, improperly used the assets of Diamond itself to finance the purchase. In addition, shortly after the deal was consummated, another officer of Resolute, Wayne Reeder, improperly used Diamond assets to pay off his own outstanding loans. Diamond, through its receiver, brought several actions seeking to recover its stolen assets. Diamond has since resolved its claims against Christopher, Reeder, and others. In these two consolidated cases, Diamond brought suit against its former parent corporations, Joint Health Ventures (“Joint Health”) and Adventist Health System/West (‘West”), as well as against the successors-in-interest of the banks whose loans were paid off with money misappropriated from Diamond. Those banks are HomeFed Bank (“HomeFed”) and Continental Illinois National Bank & Trust Co. of Chicago (“Continental”).
Because the parties are familiar with the facts, we will not repeat them in further detail. The district court granted summary judgment to all defendants on all claims, and Diamond appeals. On de novo review, we reverse in part, affirm in part, and remand.
The district court granted summary judgment on Diamond’s claim that Joint Health committed fraud by making misrepresentations in Diamond’s 1987 Annual Statement and in the Form As filed with Arizona and California, as well as by omission. Joint Health did not make any representations at all in Diamond’s 1987 Annual Statement. The allegedly false statements in the Form As are either non-actionable statements of intent or opinion, or were withdrawn. Moreover, in these circumstances, Joint Health did not have a duty to speak, so it did not commit fraud by omission. We AFFIRM this portion of the district court’s judgment.
Several of Diamond’s claims against Joint Health and West turn on whether these parent corporations had sufficient knowledge before transferring Diamond to Resolute that they should have reasonably suspected that Resolute was planning to loot Diamond once it acquired *718 control. Such reasonable suspicion would trigger a fiduciary duty to either refuse to transfer Diamond, or at least to further investigate Resolute. Such reasonable suspicion would also deprive the parent corporations of the defense to Diamond’s claims of conversion and fraudulent conveyance that they took the purchase price in good faith. The district court granted summary judgment to Joint Health and West on these claims on the ground that the facts known to them were not, as a matter of law, sufficient to have prompted a further investigation into Resolute and its plans for Diamond or to negate their good-faith defense.
We disagree and hold that Diamond has shown sufficiently suspicious circumstances to create genuine issues of material fact as to what Joint Health and West knew before transferring Diamond to Resolute, as to whether these facts should have given rise to a reasonable suspicion that Resolute would loot Diamond, and as to whether Joint Health and West took the purchase price in good faith and thereby became bona fide holders for value. We therefore REVERSE the grant of summary judgment on the following claims against Joint Health: Breach of Fiduciary Duty; Aiding and Abetting Fraud; Aiding and Abetting Breach of Fiduciary Duty. We likewise REVERSE the grant of summary judgment on the following claims against Joint Health and West: Conversion; Receipt of Fraudulent Conveyance.[1] To the extent that our holdings conflict with the district court’s orders denying numerous motions by the parties as moot, those mootnessbased orders are VACATED.
The district court also granted summary judgment on Diamond’s claims that HomeFed and Continental committed conversion in accepting Diamond’s money to satisfy Reeder’s loans, and that HomeFed received a fraudulent conveyance in doing so. Because these lenders took the stolen funds in good faith and for valuable consideration, Arizona law provides a complete defense to Diamond’s claims. We therefore AFFIRM the district court’s grant of summary judgment in favor of HomeFed and Continental.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this disposition. Diamond, Joint Health, and West to bear their own costs on appeal.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. With respect to receipt of fraudulent conveyance, the district court granted summary judgment to Joint Health and West because it held that the transfers to the parent corporations were not transfers "by the debtor," i.e., Diamond, within the meaning of the Uniform Fraudulent Conveyance Act ("UFCA”), because the transfers were made by Christopher and Reeder. This holding was in error because a corporation always acts through its officers and agents. Thus, the fact that Christopher or Reeder directed that Diamond transfer the money does not affect the cause of action. For purposes of the UFCA, the transfers were made by Diamond. Therefore, only if Joint Health and West are "bona fide holder[s] for value” within the meaning of Ariz.Rev.Stat. § 20-636(C) — which appears to be similar to the "good faith” issue over which there are genuine issues of material fact — will they have a defense against Diamond’s claims against them for receipt of fraudulent conveyance.